IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA DOLORES MALDONADO-CABRERA, ET AL.<br><br>**Plaintiffs,**<br><br>v.<br><br>JORGE ANGLERO ALFARO, ET AL.<br><br>**Defendants.** | **CIVIL NO.** 18-1661 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is codefendant Dr. Bryan Santiago-Díaz's *Motion for Judgment on the Pleadings or to Stay Proceedings* ("*Motion*") which requests that the Court abstain from the present medical malpractice action because plaintiffs María Dolores Maldonado-Cabrera and Annelys Maldonado-Cabrera are litigating identical claims and allegations in a pending state court case. (Docket No. 54). In the alternative, the *Motion* requests a stay of pending resolution of the state case or a dismissal of this federal case pursuant to the "prior-pending-action" doctrine. After reviewing the parties' arguments, the documents on record and the applicable law, the Court **GRANTS** the pending *Motion* pursuant to the prior-pending-action doctrine.

## I.   BACKGROUND

On August 15, 2018, Bolívar Maldonado-Colón, Luis Alberto Maldonado-Cabrera, Migdalia Maldonado-Cabrera, Bolívar Maldonado-Cabrera, Annelys Maldonado-Cabrera and María Dolores Maldonado-Cabrera (collectively, "Ponce Plaintiffs") filed a claim in the Superior Court of Puerto Rico, Ponce Part, Civil No. PO2018CV00625 for alleged medical malpractice resulting in the death of Mrs. Gregoria Cabrera-Bayanilla ("Mrs. Cabrera"). *See* Luis Alberto Maldonado Cabrera y Otros v. Hospital Episcopal San Lucas y Otros, State Court Case No. PO2018CV00625, Docket Entry. 1 (hereinafter, "State Court Case No. PO2018CV00625"). Specifically, the Ponce Plaintiffs sued Hospital Episcopal San Lucas, Inc. ("HESL"), Dr. Rey Pagán-Rivera, Dr. Jorge Anglero-Alfaro, Dr. Edgardo Bermúdez-Moreno, Dr. Bryan Santiago-Díaz, the physicians' unnamed spouses, their respective conjugal legal partnerships, and the physicians' insurers Puerto Rico Medical Defense Insurance and Sindicato Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Medico Hospitalaria ("SIMED"). Id.

On September 6, 2018, plaintiffs María Dolores Maldonado-Cabrera and Annelys Maldonado-Cabrera (collectively, "Plaintiffs") filed in federal court a negligence and medical malpractice lawsuit pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142. (Docket No. 1). The suit was filed against the same doctors as in the state court case, their

spouses and their conjugal partnerships, HESL, the same insurers and other unnamed defendants ("*Complaint*"). Id. Plaintiffs' request for damages in the *Complaint* is grounded on their continued suffering of "emotional distress, mental anguish, pain and suffering due to the death of their mother, Mrs. Cabrera." Id. at 12. The Court notes that their federal *Complaint* is silent on Plaintiffs' involvement in the pending state court case. Since the filing of the *Complaint*, several Defendants have been dismissed.[1] The remaining codefendants are Dr. Bryan Santiago-Díaz ("Dr. Santiago-Díaz"), Dr. Jorge Anglero-Alfaro ("Dr. Anglero-Alfaro"), Dr. Edgardo Bermúdez-Moreno and HESL.

On February 21, 2020, codefendant Dr. Santiago-Díaz filed the pending *Motion*. (Docket No. 54). He alleges that a stay of the federal case is proper because: (1) Plaintiffs are parties in cases both in state and federal court, and (2) this District Court has stayed similar cases regarding controversies involving Regional Academic Medical Centers ("RAMC") and then pending certifications to the Puerto Rico Supreme Court regarding damages caps. Id. at 7-12. Likewise, the Court should abstain from exercising jurisdiction pursuant to the Colorado River abstention doctrine.

---

[1] On November 20, 2018, the Court issued an Order dismissing the claims against SIMED and on July 19, 2019, it issued a Partial Judgment dismissing the claims as to Puerto Rico Medical Defense Insurance Company. (Docket Nos. 15 and 49). On December 10, 2018, the Court issued a Partial Judgment dismissing claims against Dr. Rey Pagan-Rivera. (Docket Nos. 29 and 49).

Case 3:18-cv-01661-RAM   Document 84   Filed 10/13/20   Page 4 of 14

Civil No. 18-1661 (RAM)                                                    4

Id. at 12-21. Conversely, he alleges dismissal of the *Complaint* is warranted per the prior-pending-action doctrine. Id. at 21-24.

Codefendant Dr. Anglero-Alfaro then filed a *Motion for Joinder* stating that Dr. Santiago-Díaz's arguments "particularly as it relates to the application of the statutory caps to [Dr. Anglero-Alfaro] as part of its contractual participation in the '[RAMC]'" justifies his joinder request. (Docket No. 62 ¶ 1). Similarly, HESL also filed a *Motion for Joinder* averring that it "is a teaching facility and as such entitled to the immunity granted by Law 136 of July 27, 2006 known as "Ley de Centros Medicos Regionales de Puerto Rico [RAMC] subject of the motions and any such ruling will ultimately be applicable" to HESL. (Docket No. 66 at 1-2). The Court granted both motions for joinder. (Docket Nos. 67 and 68).

On April 13, 2020, Plaintiffs filed a *Motion in Opposition to Motion for Judgment on the Pleadings or to Stay Proceedings* ("*Opposition*") stating that they: (1) have been residing outside the Commonwealth of Puerto Rico for over twenty (20) years; (2) were included in the state case solely regarding the survivorship claim, thus both complaints request different remedies and damages; (3) the Colorado River abstention doctrine is inapplicable, and (4) the prior-pending-action is also inapplicable because the requested damages differ in both cases. (Docket No. 74). On April 24, 2020, Dr. Santiago-Díaz filed a *Reply*

*to Response in Opposition to Dr. Santiago-Díaz's Motion for Judgment on the Pleadings or to Stay Proceedings* ("*Reply*"). (Docket No. 77).

## II. DISCUSSION

For reasons discussed below, the Court agrees with Dr. Santiago-Díaz that the present suit should be dismissed per the prior-pending-action doctrine. (Docket No. 54 at 21-24). Thus, the Court need not consider his request for abstention under <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 818 (1976) ("<u>Colorado River</u>"). Suffice it to say that the First Circuit Court of Appeals ("First Circuit") has stated that "[o]f all the abstention doctrines, [<u>Colorado River</u>] is to be approached with the most caution" and with "'[o]nly the clearest justifications'" warranting dismissal. <u>Jimenez v. Rodriguez-Pagan</u>, 597 F.3d 18, 27 (1st Cir. 2010) (quoting <u>Colorado River</u>, 424 U.S. at 817). Dr. Santiago-Diaz's bid for <u>Colorado River</u> abstention was largely premised on the existence of unsettled issues of Puerto Rico law concerning application of the damages cap in the RAMC statute. (Docket No. 54 at 15-16, 18, 20-21). Those issues have since been settled by the Puerto Rico Supreme Court. *See* <u>Delca I. Ortiz Santiago, et al. v. Hospital Episcopal San Lucas, Inc., et al.</u>, 2020 TSPR 109, 15 (P.R. Sept. 18, 2020).[2]

---

[2] The Court notes that a certified translation of the Opinion was filed by Dr. Santiago-Díaz at Docket No. 82-1.

Under the prior-pending-action doctrine, "the pendency of prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." Rowayton Venture Grp. LLC v. McCarthy, 2020 WL 4340985, at *3 (D. Mass. 2020) (quotation omitted). Further, the First Circuit and courts within the First Circuit have generally held that "[w]here the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996); Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp. 3d 536, 540–41 (D. Mass. 2014) (quotation and quotation marks omitted)("[T]he suit filed first should have priority absent the showing of balance of convenience in favor of the second action."). However, the doctrine should not be "applied mechanically and will be rendered inapplicable, for example, when one party merely 'wins the race to the courthouse' or when the competing suits are filed within days of each other." Mercado-Salinas v. Bart Enterprises Int'l, Ltd., 2007 WL 9702143, at *5 (D.P.R. 2007) (quotation omitted).

Typically, a court may stay or dismiss a later-filed action under the prior-pending-action doctrine provided that: (1) there exists an identity of issues, and (2) the controlling issues in

the dismissed action will be determined in the other pending lawsuit. *See* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1360, at 89 (3d ed. 2004). In most instances, when facing a motion to dismiss due to the pendency of a prior action, "**federal judges do not base their power to entertain this type of motion on any specific rule or statute, but, as in the case of the motion to stay, speak only of their desire to promote judicial efficiency and to avoid conflicting opinions**." Id. (emphasis added). Courts within the First Circuit have also explained that the parties themselves do **not** have to be identical and instead they must have "sufficient congruence of interests." Faith v. Truman Capital Advisors, LP, 2020 WL 263534, at *4 (D. Mass. 2020) (citation omitted).

In the present case, the federal and state actions at issue are sufficiently analogous. While not all the Ponce Plaintiffs are present here, Plaintiffs *are* parties to the state case. Defendants are **the same** in both cases. Moreover, the controlling issues in this litigation will be determined in the pending state court case. Although presented with some additional facts, the state court case involves the same issues as its federal counterpart: Defendants' negligent actions and omissions which resulted in the death of Mrs. Cabrera. Notably, Plaintiffs here are *solely* seeking emotional damages stemming from their mother's death whereas the remaining Ponce Plaintiffs are seeking those in the state case,

too. In fact, Dr. Santiago-Díaz's *Reply* posits that precisely because the remaining Ponce Plaintiffs also brought forth personal damages claims, if the Court chooses to dismiss the present case, Plaintiffs could simply join the other Ponce Plaintiffs' existing personal damages claim. (Docket No. 77 at 5). Plaintiffs have not disputed the fact that the other Ponce Plaintiffs in the state case also requested personal damages. Nor have they proffered to the Court any reason why they could not join the pending personal damages claim in state court if their *Complaint* were dismissed. Further, all Ponce Plaintiffs, **including Plaintiffs**, are part of the survivorship claim in the state court suit. To wit, courts within the First Circuit have held that "**[w]hen it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored**." Bradeen v. Bank of New York Mellon Tr. Co., Nat'l Ass'n, 2018 WL 5792319, at *2 (D. Mass. 2018) (quotation omitted) (emphasis added).

In Bradeen, the District Court of Massachusetts held that the prior-pending-action doctrine was applicable in a case related to foreclosure and eviction because "[t]he state and federal complaints arise out of the same transactions, the parties seek **essentially the same relief in each suit, and resolution of the two cases will involve the same evidence**." Id. at *2 (emphasis added). The Court also explained that if the plaintiffs had

additional claims to make apart from those in the state complaint, they should have been "raised in the state court by amendment, not by filing a duplicative federal complaint that attempts to split their claims against defendants." Id. Along those same lines, Plaintiffs' attempt here to bifurcate their personal damages claim from those of the other Ponce Plaintiffs' fails because they *can* obtain full relief under the parallel case.

Many courts including those within the First Circuit also look towards the factors set out in Universal Gypsum of Georgia, Inc. v. American Cyanamid Co. to determine the applicability of the prior-pending-action doctrine. *See e.g.,* United States Fire Ins. Co. v. Equitas Ins. Ltd., 2019 WL 5457934, at *3 (D.N.H. 2019). The factors include:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay.

Laddawn, Inc. v. Bolduc, 2018 WL 7047647, at *4 (D. Mass. 2018) (quoting Universal Gypsum of Georgia, Inc. v. Am. Cyanamid Co., 390 F. Supp. 824, 827 (S.D.N.Y. 1975)). The majority of these factors strongly favor a stay or dismissal in the case at bar. Here, considering that all controlling issues in both cases may be properly adjudged by the state court, the principles of comity and

the convenience of the parties and witnesses weigh in favor of dismissal of this case in favor of the state court action.

In a similar scenario, and after analyzing the above-mentioned factors, the District Court of Massachusetts determined in <u>Quality One Wireless, LLC v. Goldie Grp., LLC</u>, that "[w]hile a federal court is capable of deciding the garden-variety questions of state law at issue […] the absence of complex issues of federal law suggests that a state court serves as an equally adequate forum for resolving the present dispute." <u>Quality One Wireless, LLC</u>, 37 F. Supp. 3d at 543. The Court then chose to apply the prior pending action and stay the federal case to save judicial resources, avoid inconsistent adjudication, and because its application did not prejudice the plaintiff in the second filed action. <u>Id.</u> In the case at bar, because Plaintiffs can attempt to join the other Ponce Plaintiffs' personal damages claim, a stay or dismissal of their *Complaint* does not seem prejudicial to any of the parties.[3]

Likewise, dismissing or staying the present case would undoubtedly conserve judicial resources because **most of the evidence in both cases will overlap**. Nowhere else is this clearer than when codefendant Dr. Santiago-Díaz filed a *Motion Requesting*

---

[3] *See* <u>Colon Rivera v. Wyeth Pharm.</u>, 184 P.R. Dec. 184, 201 (2012) (explaining that both federal courts and Puerto Rico state courts follow a liberal approach to granting leave to amend pleadings) (citing Fed. R. Civ. P. 15 and 6 Wright, Miller and Kane, Federal Practice and Procedure: Civil § 1471 (3d ed. 2010)). The Puerto Rico Supreme Court also highlighted that the principal factor used to deny leave to amend a complaint is undue prejudice to the parties. <u>Id.</u> (citing <u>Zenith Radio Corp. v. Hazeltine Research</u>, 401 U.S. 321, 330–331 (1971)).

*Relief* wherein he requested that all Depositions be taken in English, or in Spanish with a translator so that they can be used in both cases. (Docket No. 50). Plaintiffs clarified in their opposition to Dr. Santiago-Díaz's *Motion Requesting Relief* that there is a "parallel case in the state court including identical claims with different plaintiffs and that the discovery plan proposed to this Honorable Court at *Docket Entry 34* was prepared in coordination with all the attorneys in both […] cases, to avoid duplicity of testimonies, costs and expenses to all parties." (Docket No. 51 at 1-2). The Court granted Dr. Santiago-Díaz's motion, explained that all subsequent depositions must be made in English or with an English interpreter, and stated that issue regarding the language in which the upcoming depositions were to be taken in was discussed with all parties from the federal and the local state case. (Docket No. 53). Lastly, the state court record shows that on June 25, 2020, the state court approved the revised deposition dates and discovery plan submitted by the parties on June 23, 2020. (State Court Case No. PO2018CV00625, Docket Entry. 69). *See* AES Puerto Rico, L.P. v. Trujillo-Panisse, 133 F. Supp. 3d 409, 415 (D.P.R. 2015) (holding that "documents on file in federal or state courts are proper subjects of judicial notice.") Notably, the revised discovery plan is **the same plan** submitted by the parties on June 24, 2020 and approved by this Court on that same date. (Docket Nos. 79 and 80). *See e.g.*, Qutab

v. Kyani, Inc., 324 F. Supp. 3d 243, 245-47 (D. Mass. 2018) (staying the case after deciding that the application of the prior-pending-action doctrine was proper given that "[a] determination of the disputed facts will involve the same evidence, […] and will be dispositive of the issues in both actions."); *see also* Curcio v. Hartford Fin. Servs. Grp., 472 F. Supp. 2d 239, 243 (D. Conn. 2007) (granting dismissal per the prior-pending-action doctrine after finding that "while the underlying theories of liability and damages may be distinct, a substantial portion of the evidence will necessarily overlap" and that it would "conserve the resources of both the Court and the parties to try all of plaintiff's claims in one proceeding.")

Finally, even when the doctrine may apply, such as here, a Court does not have to defer to the state court action. Instead, the doctrine "derives from a court's inherent power to control its docket" and the decision of "whether to apply the doctrine in a particular instance is a matter for the court's discretion." Bradeen, 2018 WL 5792319, at *2. Courts in the First Circuit have repeatedly applied it to either stay or dismiss a case in order to avoid inconsistent judgments and promote judicial efficiency. *See* United States Fire Ins. Co., 2019 WL 5457934, at *3; Qutab, 2018 WL 3849873, at *2-4; Bourne v. Gardner, 270 F. Supp. 3d 385, 388-89 (D. Mass. 2017); Kersey v. Prudential Ins. Agency, LLC, 2017 WL 5162006, at *7-9 (D. Mass. 2017).

Thus, the remaining question is whether the pending case before this Court should be stayed or dismissed. Generally, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton v. Seven Falls Co., 515 U.S. 277, 288 n.2 (1995). Yet, dismissal is proper given that "plaintiff[s] could have amended [their] complaint in state court to add the causes of action raised here." Bourne, 270 F. Supp. 3d at 388–89. Further, considering that the state law issues concerning monetary caps of the RAMC statute have been resolved, **any determination that the state court makes regarding the amount of damages awarded to Plaintiffs, if any, will necessarily be binding on this Court**. Dismissal of the case at bar is therefore the best course of action to avoid a risk of inconsistent judgments regarding personal damages claims. Under the present circumstances and taking into account that Plaintiffs can amend the state court complaint which they admit states identical claims to the complaint herein, **dismissal without prejudice** of this duplicative action as to all remaining defendants is warranted.

### III. CONCLUSION

Dr. Santiago-Díaz's *Motion for Judgment on the Pleadings or to Stay Proceedings* (Docket No. 54) is **GRANTED**. Plaintiffs' *Complaint* is hereby dismissed as to Dr. Bryan Santiago-Díaz, Dr.

Jorge Anglero-Alfaro and Hospital Episcopal San Lucas, Inc. The Court *sua sponte* dismisses the *Complaint* as to Dr. Edgardo Bermúdez-Moreno as well. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of October 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
