IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA DOLORES MALDONADO-CABRERA ET AL.<br><br>**Plaintiffs**<br><br>v.<br><br>JORGE ANGLERO-ALFARO ET AL.<br><br>**Defendants** | CIVIL NO. 18-1661 (RAM) |

## OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Dr. Bryan Santiago-Díaz's ("Defendant" or "Dr. Santiago-Díaz") *Supplemental Motion Regarding The Colorado River Abstention Doctrine* (Docket No. 94). For reasons set forth below, the *Motion* is **GRANTED**.

### I.  BACKGROUND

María Dolores Maldonado-Cabrera and Annelys Maldonado-Cabrera ("Plaintiffs") allege their mother, Mrs. Gregoria Cabrera-Bayanilla ("Mrs. Cabrera"), received negligent treatment resulting in her death at the Hospital Episcopal San Lucas, Ponce ("HESL" or the "Hospital"). Plaintiffs are seeking compensation for their own

---

[1] Sayaka Ri, a second-year law student at Harvard Law School, assisted in the preparation of this Opinion and Order.

alleged damages in this forum and inherited claims in the Court of the Commonwealth of Puerto Rico.

On August 15, 2018, Plaintiffs, alongside additional co-plaintiffs, filed a claim in the Superior Court of Puerto Rico for alleged medical malpractice arising from Mrs. Cabrera's death. They sued HESL, Dr. Rey Pagán-Rivera, Dr. Jorge Anglero-Alfaro, Dr. Edgardo Bermúdez-Moreno, Dr. Bryan Santiago-Díaz, their unnamed spouses, the conjugal legal partnerships, and their medical insurers.

On September 6, 2018, Plaintiffs filed the present case in federal court alleging negligence and medical malpractice under Articles 1802 and 1803 of the Puerto Rico Civil Code. (Docket No. 1). The suit was filed against the same doctors, spouses, conjugal partnerships, HESL, insurers and unnamed defendants in the state court case ("Complaint"). Id. Plaintiffs request damages based on their "emotional distress, mental anguish, pain and suffering" stemming from Mrs. Cabrera's death. Id. at 12. On February 21, 2020, Dr. Santiago-Díaz filed a *Motion For Judgement On The Pleadings Or To Stay Proceedings* asking the Court to stay or dismiss the federal-court proceeding based upon either the Colorado River abstention or the "prior pending action" doctrine. (Docket No. 54). Plaintiffs opposed that motion and Dr. Santiago-Díaz filed a sur reply. (Docket Nos. 74 and 77). On October 13,

2020, the Court issued an *Opinion and Order* dismissing the present case pursuant to the prior-pending action doctrine. (Docket No. 84).

Plaintiffs appealed and on February 25, 2022, the First Circuit vacated the Opinion and Order for failing to consider the Colorado River doctrine factors and remanded the case for further proceedings. (Docket Nos. 89, 90, 92). *See also* Maldonado-Cabrera v. Anglero-Alfaro, 26 F.4th 523, 528 (1st Cir. 2022).

Accordingly, pending before the Court is codefendant Dr. Santiago-Díaz's *Supplemental Motion* averring that abstention is proper in this case pursuant to Colorado River doctrine. (Docket No. 94). In turn, Plaintiffs filed an *Opposition* to the *Supplemental Motion*. (Docket No. 100).

## II. APPLICABLE LAW

It is well established that the existence of a pending, parallel action "in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McClellan v. Carland, 217 U.S. 268, 282 (1910). However, the United States Supreme Court established that in exceptional cases, "the pendency of a similar action in state court may merit federal abstention based on 'considerations of wise judicial administration' that counsel against duplicative lawsuits." Jiménez v. Rodríguez-Pagan, 597 F.3d 18, 27 (1st Cir.

CIVIL NO. 18-1661 (RAM)                                                   4

2010) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Abstention, under this doctrine, is available only in exceptional circumstances. *See* Colorado River, 424 U.S. at 813. Therefore, courts conduct the "exceptional-circumstances test" to determine if the Colorado River doctrine applies to a given case. *See* Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983). This test asks that a Court analyze the case consider the following eight (8) factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 71-72 (1st Cir. 2005) (citation omitted). No single factor is "necessarily determinative." Colorado River, 424 U.S. at 818-19. Instead, "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling

against that exercise is required." Id.

    Of the test's eight factors, only five are applicable in this case, namely: (3) the desirability of avoiding piecemeal

litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (7) the vexatious nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. (Docket No. 93).

### III. DISCUSSION

**A. Desirability of avoiding piecemeal litigation**

The desire to avoid piecemeal litigation is a factor that favors abstention under the Colorado River doctrine. The "piecemeal litigation" to be avoided is more than just the repetitive adjudication that occurs in all cases involving the Colorado River doctrine. *See* Jiménez, 597 F.3d at 29. Concurrent federal-state jurisdiction over the same action will necessarily involve some degree of "routine inefficiency that is the inevitable result of parallel proceedings." Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 16 (1st Cir. 1990). Therefore, when analyzing this factor, "[p]iecemeal litigation" must refer to some additional factor "that places the case beyond the pale of duplicative proceedings" by providing an exceptional basis, such as a clear competing policy or special complication, to surrender federal jurisdiction. Jiménez, 597 F.3d at 29.

**i.   RAMC Statute Cap Limits**

The Defendant's *Supplemental Motion* correctly identifies that the additional factor here, the Regional Academic Medical Centers

("RAMC") statute's cap to the damages recoverable by Plaintiffs, presents an **exceptional basis** which warrants the Court's abstention from the present case. The RAMC statute limits recovery of damages for medical procedures conducted by students and health-care professionals at designated medical centers in the exercise of their teaching duties. *See* P.R. Laws Ann. tit. 24, § 10035. The statute limits damages to "a maximum of $75,000 for damages suffered by a person and up to $150,000 when the damages were suffered by more than one person or when there are several causes for action to which a single injured party is entitled." Id. This means that, "the compensation for all the damages caused by a negligent action or omission **may not exceed the sum of one hundred and fifty thousand dollars ($150,000),** independent of the number of parties harmed." Ortiz-Santiago v. Hosp. Episcopal San Lucas, Inc., 2018 WL 4007086, at *7 (D.P.R. 2018) (emphasis added) (citation omitted).

Here, the RAMC statute applies to at least one co-defendant, Dr. Santiago-Díaz, and, therefore, binds the judgment of the federal action on the state court's judgment.[2] Dr. Santiago-Díaz's *Supplemental Motion* aptly explains that if the Plaintiffs in the federal case were to prevail in the state court action, they will

---

[2] It is worth noting that another co-defendant, Dr. Edgardo Bermúdez-Moreno may also be covered by the RAMC statute. (Docket No. 94 at 11).

be unable to recover damages compensation above the RAMC statute's caps in the federal suit. (Docket No. 94 at 11). In their *Opposition*, Plaintiffs rebut that the RAMC statute is a significant factor in avoiding piecemeal litigation because co-defendant Dr. Jose Anglero ("Dr. Anglero") is excluded from the RAMC statute and co-defendant Hospital San Lucas ("the Hospital") is implicitly excluded from the cap to the extent that it may be vicariously liable for Dr. Anglero's actions. (Docket No. 100 at 7). However, these co-defendant's potential exclusion from the RAMC statute **does not** negate the fact that the RAMC statute's cap will cover the actions of at least one defendant. (Docket No. 94 at 10-11). Dr. Santiago-Díaz was a Level 1 Resident of the Internal Medicine Department at Hospital. Id. Notably, the United States District Court for the District of Puerto Rico previously concluded that residents at the Hospital are covered by the RAMC statute as the Hospital is an RAMC, and its residents offer treatment in conjunction with the Hospital's teaching duties. *See* Ortiz-Santiago, 2018 WL 4007086 at *6-7. As a result, Defendant will be covered by the RAMC statute, and the statute need only apply to one co-defendant for the state court's decision to be binding on this Court. Moreover, the state court has not determined which parties of the case the RAMC statute's cap does not apply to. (Docket No. 94 at 12). It is plausible that additional co-

defendants will be covered by the RAMC statute which warrants even greater cause for avoiding piecemeal litigation. The RAMC statute's monetary cap therefore provides an exceptional basis for the Court to abstain from judgment.

### ii. Translation of Depositions

Defendant notes in his *Supplemental Motion* that most of the depositions for the state action have been taken in Spanish which places this case beyond the pale of duplicative proceedings. (Docket No. 94 at 12-14). The Court does not agree. Translating depositions taken in Spanish is costly and inefficient, but it does not rise to the level of an exceptional basis to warrant a stay or dismissal of federal jurisdiction. Plaintiffs' *Opposition* notes that the depositions are admissible under the Federal Rules of Evidence and the party that intends to use them must comply with the Local Rule of Civil Procedure 5(c). (Docket No. 100 at 8). "It is well settled that parties who wish to rely on materials which are not in English must provide certified English translations of those materials." Puerto Rico Highway & Transp. Auth. v. Redondo Const. Corp., 2011 WL 1238813, at *2 (D.P.R. 2011) (citing Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008)). Therefore, the administrative difficulties of translating a deposition, such as determining which party is

obligated to pay the translator, do not rise to the level of an exceptional basis to warrant the Court's abstention.

**B. The order in which the forums obtained jurisdiction**

The order in which the forums obtained jurisdiction, sometimes referred to as the "priority" element, also heavily favors abstention. The Supreme Court has clarified that this prong "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 26. In other words, this factor "favors the case that is the more advanced at the time the Colorado River balancing is being done." Tartak Tartak v. Tartak del Palacio, 2010 WL 3960585, at *9 (D.P.R. 2010)(quotations omitted), report and recommendation adopted sub nom. Tartak v. Del Palacio, 2010 WL 3960572 (D.P.R. 2010). The Court must measure which action is the more advanced in a "pragmatic, flexible manner, with a view to the realities of the case at hand." Moses H. Cone Mem'l Hosp., 460 U.S. at 26 (quotation omitted).

Here, while the federal action at bar was appealed to the First Circuit and remanded, the state action concluded its discovery, held a pre-trial conference, and has set a trial date for June 12-23, 2023. (Docket No. 94 at 16; Docket No. 96). The discrepancy between the stage of proceedings, with the state action

being far more advanced than the federal case, significantly lessens the federal court's need to exercise jurisdiction over the case at bar. *See* Colorado River, 424 U.S. at 820 (stating that an absence of any federal proceedings beyond a motion to dismiss favors the surrender of jurisdiction); Jiménez, 597 F.3d at 30-31 (concluding that abstention was proper in part because the Commonwealth's action was well into discovery while the federal action had foundered on jurisdictional questions). Hence, the more advanced proceedings of the state action compared to that of the federal action weighs heavily for abstention by this Court.

   **C. Whether state or federal law controls**

As explained in Section A, state law controls in this case as the RAMC statute dictates the monetary cap on damages that can be awarded. However, the mere fact that state law controls does not warrant dismissal. *See* Gonzalez v. Cruz, 926 F.2d 1, 5 (1st Cir. 1991). The First Circuit has stated that a rare instance in which pending local litigation should be favored under the Colorado River Doctrine arise "where the state-law issues present particularly novel, unusual or difficult questions of legal interpretation that are best left to state court resolution." Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 118 (1st Cir. 2012) (quotation omitted). Here, the RAMC statute is relatively novel. *See* P.R. Laws Ann. tit. 24, § 10035. It was enacted in 2006 and

has since had limited application in judicial decisions.[3] *See* Ortiz-Santiago, 2018 WL 4007086 at *7. Following the First Circuit's guidance, the novelty of the RAMC statute weighs in favor of deference to the local proceeding and abstention in federal court.

   **D. The vexatious nature of the federal claim**

   Defendant's *Supplemental Motion* correctly states that this factor does not apply to this claim and need not be discussed. (Docket No. 94 at 16).

   **E. Respect for the principles underlying removal jurisdiction**

   The last remaining Colorado River factor seeks to preserve respect for the principles underlying removal jurisdiction and also favors abstention in this case. The First Circuit has explained that the removal statute authorizes defendants, **not plaintiffs**, to remove a case from state to federal court. *See* Villa Marina Yacht Sales, Inc., 915 F.2d at 14. This limitation shows Congress' intent to limit plaintiffs to their initial choice of forum. Id.

   The Court previously held that "the federal and state actions are sufficiently analogous." (Docket No. 84 at 7). Plaintiffs have

---

[3] Notably, only two Puerto Rico Supreme Court cases have interpreted the RAMC. *See e.g.*, Rodriguez Figueroa v. Centro de Salud M, 197 P.R. Dec. 876 (2017); Ortiz Santiago v. Hosp. Episcopal San Lucas, Inc., 205 P.R. Dec. 222 (2020).

CIVIL NO. 18-1661 (RAM)                                                   12

failed to proffer any reason why the Court should reach a different conclusion now. Plaintiffs are parties to both the state and federal action and Defendants are exactly the same in both cases. Id. at 7-8. The actions differ slightly in that Plaintiffs are joined by other plaintiffs in the state action. Plaintiffs attempt to highlight the differences between the two actions by asserting that the federal case exclusively seeks personal damages claims whereas the state case focuses only on survivorship claims. (Docket No. 100 at 6). However, the remaining co-plaintiffs in the state case are **also** seeking personal damages claims. The fact that the claims in both forums derive from the same incident highlights that the actions are intertwined. As the Court already noted in its *Opinion and Order* on October 13, 2020, Plaintiffs offered no reason as to why they could not simply join their co-plaintiffs' existing personal damages claim. (Docket No. 84 at 8). This dual filing by Plaintiffs is antithetical to Congress' intent to promote judicial administration and requires a plaintiff to stand by their original choice of forum. *See* Pasquantonio v. Poley, 834 F. Supp. 2d 33, 37 (D. Mass. 2011) (holding that a dual filing of substantially identical complaints in federal and state courts went against the principles of removal jurisdiction and warranted abstention); Spark Energy Gas, LP v. Toxikon Corp., 864 F. Supp. 2d 210, 221 (D. Mass. 2012) (stating that the respect for the

removal principal weighed in favor of abstention when the plaintiff attempts to litigate the same issues in both forums). To respect the principles underlying removal jurisdiction, the Colorado River doctrine also favors abstention in this case.

**F. A Stay or a Dismissal of the Federal Proceedings**

The analysis of the relevant Colorado River factors, namely the desire to avoid piecemeal litigation, the order in which the forums obtained jurisdiction, and the respect for the principles underlying removal jurisdiction, showcase that this is an exceptional case that merits abstention of federal jurisdiction. After finding that Colorado River abstention is proper, the Court must determine whether the appropriate disposition is a dismissal or stay of the proceedings.

The Supreme Court found "no occasion … to decide whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that Colorado River counsels in favor of deferring to a parallel state-court suit." Moses H. Cone Mem'l Hosp., 460 U.S. at 28. However, the First Circuit has historically favored a stay as "it may likely produce the same result as a dismissal while still leaving the docket open in case loose ends remain at the conclusion of the state proceedings." Jiménez, 597 F.3d at 31 (citations omitted). This given that a stay as is the more cautious route with no harm to

Case 3:18-cv-01661-RAM   Document 109   Filed 11/30/22   Page 14 of 14

CIVIL NO. 18-1661 (RAM)                                          14

judicial efficiency. *See* Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50, 62 (1st Cir. 2006); Currie v. Grp. Ins. Comm'n, 290 F.3d 1, 12 (1st Cir. 2002).

## IV. CONCLUSION

An analysis of the five applicable Colorado River factors leads the Court to conclude that this is an extraordinary case that warrants abstention under this doctrine. Specifically, abstention is proper because of the RAMC statute's coverage of the Defendant and potential co-defendants, the advanced stage of the state action compared to the federal action, the novelty of the RAMC statute, and the fact that the claims in both actions derive from the same incident. Therefore, Dr. Santiago-Díaz's *Supplemental Motion Regarding The Colorado River Abstention Doctrine* at Docket No. 94 is **GRANTED**. The case is hereby **STAYED** pending resolution of the state proceedings.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of November 2022.

                                      S/ RAÚL M. ARIAS-MARXUACH
                                      United States District Judge